| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re:<br>     **58 DOBBIN LLC**,<br><br>                                Debtor.<br>-----------------------------------------------------------x | **Hearing Date: January 4, 2023**<br>**Hearing Time: 10:30 a.m.**<br><br>Chapter 11<br><br>Case No. **23-42938 (ESS)** |

**MOTION OF UNITED STATES TRUSTEE TO DISMISS THE DEBTOR'S
CHAPTER 11 CASE OR CONVERT TO CHAPTER 7**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this motion for an order (the "Motion"), pursuant to 11 U.S.C. § 1112(b) and 11 U.S.C. § 105(a), dismissing the chapter 11 case of **58 Dobbin LLC** (the "Debtor") or, in the alternative, converting the case to chapter 7.

**PRELIMINARY STATEMENT**

The Debtor's conduct in the chapter 11 case reflects a pattern of disregard for the Bankruptcy Code and Rules requiring immediate dismissal of the case. The Debtor's primary asset is a property located at 58 Dobbin Street, Brooklyn, NY 11222 (the "Property"), and upon information and belief, the Debtor filed bankruptcy due to a judgment of foreclosure on the Property by 58 Dobbin Funding LP (the "Secured Lender"). Since the inception of the case, the Debtor has failed to provide proof of insurance, proof of the opening of a debtor-in-possession bank account, file any monthly operating reports and attend the initial debtor interview held by the United States Trustee, all of which is cause for dismissal or conversion under 11 U.S.C. 1112(b)(4)(C), (F), (H).

The United States Trustee respectfully requests dismissal of the case. The Debtor has minimal assets to liquidate for the benefit of unsecured creditors. The Debtor's primary asset is the Property, which is secured by the Secured Mortgage Lender and the New York City

Department of Finance. Therefore, dismissal is in the best interests of creditors. The Secured Lender and taxing authorities can pursue their rights outside of bankruptcy.

## FACTS AND DEFICIENCIES

1. On August 16, 2023 (the "Petition Date"), the Debtor commenced a case by filing a Chapter 11 Voluntary Petition for Non-Individuals. ECF Doc. No. 1. On August 17, 2023, the Debtor re-filed the Petition (the "Re-Filed Petition") designating the Debtor as a single asset real estate Debtor. ECF Doc. No. 4.

2. The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case. See Declaration of Michelle Leary in Support of the Motion (the "Leary Decl."), dated November 28, 2023, ¶ 2.

3. The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession. See Leary Decl., ¶ 3.

4. To date, no bar date motion has been filed. Docket.

5. The Debtor's assets total $7,040,000.00, including the Property valued at $6,800,000.00. ECF Doc. No. 1, Schedule A/B.

6. The Debtor scheduled $234,998.35 in unsecured claims, including the NYC Department of Finance (which is in actuality a secured claim) and the NYC Water Board. Id., Schedule E/F.

7. The Debtor scheduled $7,000,000.00 in secured claims, including a claim filed by 58 Dobbin Funding LP. Id., Schedule D.

8. The Claims Register includes one claim, a secured claim by New York City Dept of Finance in the amount of $169,578.38.

9.  To date, insurance nor proof of a debtor-in-possession bank account has been provided.  See Leary Decl., ¶ 4.

10.  By letter to Vivian Sobers, Esq. ("Counsel") dated August 17, 2023, the Office of the United States Trustee scheduled an initial debtor interview pursuant to 11 U.S.C. § 1116(2) of the Bankruptcy Code, for September 7, 2023 at 2:00 p.m. (the "Initial Debtor Interview").  See Leary Decl., ¶ 5.  The Debtor failed to appear at the Initial Debtor Interview.  Id.

11.  The Debtor has not filed any operating reports since the filing of this bankruptcy case for the months of August 20203, September 2023 and October 2023.  See Docket.

## ARGUMENT

**A.     Cause Exists to Dismiss or Convert this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for *cause* unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1) (2010) (emphasis added).  Under 11 U.S.C. § 1112(b)(4), a list of sixteen examples of cause is listed, including:

> (C)  failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> \*\*\*
>
> (F)  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> \*\*\*
>
> (H)  failure timely to provide information or attend meetings reasonably requested by the United States trustee

11 U.S.C. § 1112(b)(4).

The list of factors is nonexclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 case based upon a finding that the petition was filed in "bad faith" even without considering factors under section 1112(b)).

### 1. The Debtor Failed to Provide Insurance.

The failure to maintain appropriate insurance constitutes cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance is one factor supporting a court's decision to convert case to chapter 7). To date, the Debtor has failed to provide current proof of insurance for the Property. Leary Decl., ¶ 4. Therefore, the failure to provide current proof of insurance on the Properties is cause to dismiss the chapter 11 case. 11 U.S.C. § 1112(b)(4)(C).

### 2. The Debtor Failed to Timely File Monthly Operating Reports.

Pursuant to E.D.N.Y. LBR 2015-1, the Debtor is required to file monthly operating reports for each month that the Debtor is in chapter 11. See E.D.N.Y. LBR 2015-1. The reports must be filed no later than the twentieth day of the following month. Id. The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information

regarding the Debtor's financial affairs. "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); see also In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for over one year warranted dismissal).

The Debtor has not filed any operating reports since the filing of this bankruptcy case for the months of August 20203, September 2023 and October 2023. See Docket. The Debtor's failure to timely file operating reports as established under E.D.N.Y. LBR 2015-1 has deprived the Court, the United States Trustee, and creditors of the ability to adequately monitor the case. The failure to file monthly operating reports is cause for dismissal or conversion as it is required by Local Rule 2015-1. See 11 U.S.C. § 1112(b)(4)(F).

### 3. The Debtor Failed Provide Proof of Opening a Debtor-In-Possession Bank Account.

To date, the Debtor has failed to produce documents to the United States Trustee indicating it has opened a debtor-in-possession bank account. See Leary Decl., ¶ 4. Section 345 of the Bankruptcy Code requires that a debtor deposit its money into a bonded bank account. 11 U.S.C. § 345. 11 U.S.C. § 1112(b)(4)(H) states that cause for dismissal or conversion can be found if the Debtor fails to timely provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(H). The United States Trustee's request for proof of the opening of a debtor-in-possession is reasonable as it is required pursuant to 11 U.S.C. § 345. See e.g., In re Columbia Gas Sys. Inc., 33 F.3d 294 (3d Cir. 1994) (debtor's compliance with section 345 is mandatory). Therefore, since the Debtor has not provided proof of the opening of a debtor-in-possession bank account, cause exists to dismiss the Debtor's case pursuant to 11 U.S.C. § 1112(b)(4)(H). See Leary Decl., ¶ 4.

### 4. The Debtor Failed to Appear at the Initial Debtor Interview.

The Debtor failed to appear at the Initial Debtor Interview. See Leary Decl., ¶ 5. The United States Trustee conducts initial debtor interviews in all chapter 11 cases. Under section 1112(b), the Debtor's failure to attend meetings reasonably requested by the United States Trustee constitutes cause for conversion or dismissal. 11 U.S.C. § 1112(b)(4)(H). The Debtor's failure to attend the initial debtor interview, therefore, constitutes cause for dismissal of the Debtor's case.

### B. There Are No Unusual Circumstances Establishing that Conversion or Dismissal is Not in the Best Interests of Creditors and the Estate.

Under section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2); see also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under section 1112(b)(2)). The conditions set out in Section 1112(b)(2) are not present. There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate. Since the inception of the case, the Debtor has not provided nor filed information required by the Debtor. Without information regarding the Debtor's financial affairs, parties and the United States Trustee are unable to examine the Debtor in a meaningful manner. Additionally, no justifiable grounds have been provided for the Debtor's failure to provide required documents, such as property insurance and monthly operating reports. There has been no indication that the Debtor intends to cure these deficiencies within a reasonable time.

**C.      Dismissal is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate." 11 U.S.C. § 1112(b). See also In re Gonic Realty Trust, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case). The Debtor's case should be dismissed. The Debtor has minimal assets to distribute for the benefit of unsecured creditors. The Debtor's primary asset is the Property, which is secured by the Secured Lender and taxing authorities. The Debtor has significant tax arrears. Therefore, dismissal appears to be in the best interests of creditors. Secured parties and taxing authorities can pursue their rights outside bankruptcy.

## **NOTICE**

The United States Trustee will serve the Notice of Motion, Declaration and this Motion upon the Debtor, Debtor's counsel, and any parties who filed notices of appearance. Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the Motion.

## **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this case or, in the alternative, converting the case to one under chapter 7, and granting such other and further relief as may be deemed just and proper.

Dated: Brooklyn, New York
       November 28, 2023                        Respectfully submitted,

                                                   WILLIAM K. HARRINGTON
                                                   UNITED STATES TRUSTEE, REGION 2

                                                   By: */s/ Reema Lateef*
                                                   Reema Lateef, Esq.
                                                   Trial Attorney
                                                   Office of the United States Trustee
                                                   Eastern District of New York
                                                   One Bowling Green, Suite 510
                                                   New York, New York 10004-1408
                                                   Tel. No. (212) 206-2580