| | |
|---|---|
| **KRISS & FEUERSTEIN LLP**<br>360 Lexington Avenue, Suite 1200<br>New York, New York 10017<br>(212) 661-2900<br>(212) 661-9397 – facsimile<br>Jerold C. Feuerstein, Esq.<br>Daniel N. Zinman, Esq.<br>Stuart L. Kossar, Esq.<br>jfeuerstein@kandfllp.com<br>dzinman@kandfllp.com<br>skossar@kandfllp.com | **Hearing Date: January 4, 2024**<br>**Time: 10:30 a.m.**<br><br>**Objection Deadline: December 28, 2023**<br>**Time: 5:00 P.M.** |

*Attorneys for 58 Dobbin Funding L.P.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>    58 Dobbin LLC,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 23-42938-ess<br><br>Hon. Elizabeth S. Stong<br>United States Bankruptcy Judge |

-------------------------------------------------------------x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that upon the annexed Motion (the "Motion") of 58 Dobbin Funding L.P. (the "Secured Creditor"), by and through its attorneys, Kriss & Feuerstein LLP, will move at a remote hearing by using the Zoom for Government® videoconferencing platform, before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court of the Eastern District of New York, located at 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, NY 11201, on January 4, 2024 at 10:30 a.m., or as soon thereafter as counsel can be heard, for entry of an Order: (i) granting relief from the automatic stay pursuant to 11 U.S.C. §§ 105(a), 361, 362(d)(1), 362(d)(2), 362(d)(3) and 363 so that it may exercise all rights and remedies available to it under applicable law with respect to the real property commonly known and located at 58 Dobbin Street, Brooklyn, New York 11222 (Block: 2643, Lot: 52) (the "Property"); (ii) waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3);

and (iii) granting such further and different relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that all hearing participants must register with eCourt Appearances not less than 24 hours in advance of all appearances. The dial-in information and/or video link will be provided by email after registration with eCourt Appearances. Please see https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong for further information.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the instant application must be made in writing and received in the Bankruptcy's Court Clerk's office at the United States Bankruptcy Court of the Eastern District of New York, located at the United States Courthouse located at 271-C Cadman Plaza East, Brooklyn, NY 11201, to the Office of the United States Trustee for the Eastern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 510, New York, New York 10004, and to the undersigned, Kriss & Feuerstein LLP, 360 Lexington Avenue, 12th Floor, New York, New York 10017 no later than seven (7) days before the hearing date set forth herein.

Dated:  New York, New York
        December 1, 2023

            KRISS & FEUERSTEIN LLP
            *Attorneys for USC 820 Bergen LLC*

            *s/ Jerold C. Feuerstein*
            Jerold C. Feuerstein, Esq.
            Daniel N. Zinman, Esq.
            Stuart L. Kossar, Esq.
            360 Lexington Avenue, 12th Floor
            New York, New York 10017
            (212) 661-2900
            (212) 661-9397 fax
            jfeuerstein@kandfllp.com
            dzinman@kandfllp.com
            skossar@kandfllp.com

TO:

58 Dobbin LLC – *Debtor*
58 Dobbin Street
Brooklyn, NY 11222

Vivian Sobers, Esq. – *Attorney for Debtor*
Sobers Law, PLLC
11 Broadway
Suite 615
New York, NY 10004

Office of the United States Trustee - *U.S. Trustee*
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408

New York City Department of Finance
Office of Legal Affairs
Collections Unite-RPT Taxes
375 Pearl Street, 30th Floor
New York, NY 10038

NYC Department of Finance
One Centre Street, 22nd Floor
New York, NY 10007

NYC Water Board
P.O. Box 11863
Newark, NJ 07101

Tenant
58 Dobbin Street
Brooklyn, NY 11222

Henrick Weiss
58 Dobbin Street
Brooklyn, NY 11222

**KRISS & FEUERSTEIN LLP**
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
(212) 661-9397 – facsimile
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
Stuart L. Kossar, Esq.
jfeuerstein@kandfllp.com
dzinman@kandfllp.com
skossar@kandfllp.com

*Attorneys for 58 Dobbin Funding L.P.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 58 Dobbin LLC, | Case No. 23-42938-ess |
| Debtor. | Hon. Elizabeth S. Stong<br>United States Bankruptcy Judge |

------------------------------------------------------------x

### 58 DOBBIN FUNDING L.P.'S APPLICATION IN SUPPORT OF ITS MOTION FOR THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND OTHER REQUESTED RELIEF

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

58 Dobbin Funding L.P. ("Secured Creditor"), a secured creditor and mortgagee of the Debtor, 58 Dobbin LLC (the "Debtor"), in the above referenced Bankruptcy Case (the "Bankruptcy Case"), by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this application (the "Application") in support of its Motion (the "Motion") for the entry of an Order: (i) granting relief from the automatic stay pursuant to 11 U.S.C. §§ 105(a), 361, 362(d)(1), 362(d)(2), 362(d)(3), and 363 so that it may exercise all rights and remedies available to it under applicable law with respect to the owned real property commonly known and located at 58 Dobbin Street, Brooklyn, New York 11222 (Block: 2643, Lot: 52) (the "Property"); (ii) waiving the

fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3); and (iii) granting such further and different relief as the Court may deem just and proper. In support of this Application, the Secured Creditor respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Debtor has commenced the Bankruptcy Case in bad faith and solely for the purpose of preventing Secured Creditor (and other creditors) from exercising its rights to foreclose its mortgage on the investment property owned by Debtor immediately prior to conducting a sale of the Property pursuant to a Judgment of Foreclosure and Sale (the "JFS") entered prior to the commencement of the Bankruptcy Case.

2. The Debtor has no intention (or ability) to reorganize, but rather simply seeks to prevent the Secured Creditor from exercising its rights which derive from a prepetition loan made to and fully utilized by the Debtor. Further, the Debtor has no equity in the Property and has failed to make any post-petition payments to the Secured Creditor.

3. In addition, and as set forth more fully below, based the Debtor has failed to prosecute this Bankruptcy Case. Thus, this Chapter 11 case can only be considered another bad faith filing, as it is a delaying tactic amidst a dispute between the Debtor and the Secured Creditor which was resolved in favor of Secured Creditor by the issuance of the JFS. Accordingly, relief from the automatic stay is warranted pursuant to 11 U.S.C. §362(d)(1).

4. Further, as of November 20, 2023, $7,376,045.27, is due and owing to the Secured Creditor. In addition, there are pre-petition real estate taxes in the amount of $147,523.39 and the total value of the Property is $5,500,000.00 as of October 1, 2023. As such, there is no equity remaining in the Property (See Fried Decl, at ¶ 39, Ex. P).[1] In addition, the Property is not used as

---

[1] All exhibits are annexed to the Declaration of Yitzhak Isaac Fried (the "Fried Decl.") filed simultaneously herewith.

2

a significant source of income or necessary for an effective reorganization. Thus, the Secured Creditor requests that it be granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2).

5. Further, it is undisputed that the Debtor is designated as a Single Asset Real Estate ("SARE") debtor. As such, Debtor is required pursuant to 11 U.S.C. § 362(d)(3) to file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or commence monthly payments to the Secured Creditor within ninety days after the entry of the order for relief.  Here, as the Petition was filed on August 16, 2023, the statutory deadline for the Debtor to comply with the requirements of 11 U.S.C. § 363(d)(3) expired on November 14, 2023 (the "SARE Deadline"). To date, the Debtor has not filed a plan of reorganization or made any payments to the Secured Creditor. In addition, the Debtor has failed to secure an order from this Court extending the SARE Deadline.  Therefore, this Court should grant the Secured Creditor relief from the automatic stay pursuant to 11 U.S.C. § 363(d)(3).

6. Based on the foregoing, and for the reasons set forth below, the Secured Creditor respectfully requests that this Court enter an order: (i) granting relief from the automatic stay pursuant to 11 U.S.C. §§ 105(a), 361, 362(d)(1), 362(d)(2), 362(d)(3) and 363 so that it may exercise all rights and remedies available to it under applicable law with respect to the Property; (ii) waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3); and (iii) granting such further and different relief as the Court may deem just and proper.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a),

3

361, 362(d)(1), 362(d)(2), 362(d)(3), and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## BACKGROUND

**The Loan**

9. On November 30, 2018, the Debtor and 150 Skillman St. LLC ("150 Skillman" and together with the Debtor, collectively, the "Borrower") executed, acknowledged and delivered to Secured Creditor, a Consolidated, Amended and Restated Secured Promissory Note (the "Note"), bearing said date, wherein and whereby it was covenanted and agreed that it would repay Secured Creditor, in the principal amount of $3,450,000.00 with interest thereon as set forth in the Note in connection with a commercial loan (the "Loan") (*See* Fried Decl. at ¶ 5; Ex. A).

10. On November 30, 2018, to secure repayment of the indebtedness evidenced by the Note, the Borrower executed, acknowledged, and delivered to Secured Creditor, a Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents, Spreader and Security Agreement (the "Mortgage")[2], encumbering the Property, which was recorded on December 12, 2018, in the Office of the City Register of the City of New York, County of Kings (the "City Register") under City Register File No. ("CRFN"): 2018000409116 (*See* Fried Decl. at ¶ 6; Ex. B).

11. On November 30, 2018, as further security for the Note, the Debtor's principal, Henrick Weiss (the "Guarantor" and together with the Borrower, collectively, the "Borrower Parties"), individually, executed, acknowledged, and delivered to Secured Creditor a Guarantee

---

[2] Pursuant to a Partial Release of Lien Mortgage (the "Partial Release") dated January 24, 2019, 150 Skillman Street, Unit 1, Brooklyn, NY 11205 (Block: 1913, Lot: 1601) only was released from the lien of the Mortgage. Said Partial Release was recorded on January 30, 2019 under CRFN: 2019000034397 in the Register's Office (See Ex. C).

4

(the "Guaranty", and together with the Note, Mortgage, and all other documents and/or agreements that were executed and/or delivered in connection with the Loan, collectively, the "Loan Documents"), guaranteeing all obligations under the Loan to Secured Creditor in the principal amount of $3,450,000.00 (*See* Fried Decl. at ¶ 7; Ex. D).

12. Secured Creditor has been in actual physical possession of the original Note since November 30, 2018 through the date of the Fried Declaration (*See* Fried Decl. at ¶ 8).

**The Default and Foreclosure Action**

13. The Borrower defaulted under the Loan Documents by failing to make the monthly payment due on March 1, 2019,[3] and each payment thereafter (the "Default") (*See* Fried Decl. at ¶ 9; Ex. F, at ¶ 9).

14. Although not required under the Loan Documents, a notice describing the Default and notifying of acceleration of the Loan was transmitted to the Borrower Parties by letter dated October 11, 2019 (the "Acceleration Letter") (*See* Fried Decl. at ¶ 10; Ex. E)

15. As a result of the Default, pursuant to the terms of the Loan Documents, Secured Creditor declared the balance of the principal indebtedness immediately due and payable and commenced a mortgage foreclosure action (the "Foreclosure Action") in the Supreme Court of the State of New York, County of Kings (the "State Court") under Index No. 523368/2019 in the matter originally styled *58 Dobbin Funding L.P. v. 58 Dobbin LLC, et al* on October 125, 2019 (*See* Fried Decl. at ¶ 11; Ex. F).

16. The Borrower Parties defaulted in the Foreclosure Action.

17. On September 3, 2020, Secured Creditor filed a motion (the "Order of Reference Motion") for an order of reference to appoint a referee to compute the amounts due to Secured

---

[3] The last payment received by Secured Creditor was on March 15, 2019, which was applied to February's interest.

Creditor, a default judgment and other requested relief (See NYSCEF No. 26-45).[4]

18. On January 28, 2021, Borrower Parties appeared through the Office of Jerome P. Goldman, P.C. by filing a Notice of Appearance (See NYSCEF No. 48).

19. On February 22, 2022, the Borrower Parties filed opposition (the "OOR Opposition") to the Order of Reference Motion (See NYSCEF No. 49-51).

20. On March 15, 2022, the Secured Creditor filed its reply to the OOR Opposition and in further support of the Order of Reference Motion (*See* NYSCEF No. 52-56).

21. On May 12, 2022, Secured Creditor filed a motion (the "Receiver Motion") for the entry of an order to have a Temporary Receiver appointed to manage the Property because the Borrower was collecting rent while there were outstanding water and sewer charges in the amount of $32,251.63, with interest accruing thereon and outstanding Real Estate taxes in the amount of $46,107.22 as of May 10, 2022 (*See* Fried Decl. at ¶ 17; Ex. H).

22. On July 29, 2022, the State Court entered an Order (the "Order of Reference") granting the OOR Motion (*See* Fried Decl. at ¶ 18; Ex. I).

23. On August 2, 2022, Borrower Parties filed opposition (the "Receiver Motion Opposition") to the Receiver Motion (*See* NYSCEF No. 78-79).

24. On August 3, 2022, Secured Creditor filed its reply to the Receiver Motion Opposition and in further support of the Receiver Motion (*See* NYSCEF No. 80-82).

25. On August 29, 2022, the State Court entered an order (the "Receiver Order") granting the Receiver Motion and appointing Steven Cohn, Esq., to serve as Receiver (*See* Fried Decl. at ¶ 21; Ex. J). However, Steven Cohen declined the appointment.

26. On December 21, 2022, Secured Creditor filed a motion (the "JFS Motion") for the

---

[4] "NYSCEF" shall refer to the docket entries in the Foreclosure Action. A copy of the docket from the Foreclosure Action is annexed to the Fried Declaration as Exhibit G).

entry of an order, *inter alia*, awarding Secured Creditor a judgment of foreclosure and sale (See NYSCEF No. 101-123).

27. On February 22, 2023, the State Court entered an order (the "Successor Receiver Order") appointing Joseph Bova as the Successor Receiver (*See* Fried Decl. at ¶ 23; Ex. K).

28. On March 27, 2023, Borrower Parties filed opposition (the "JFS Opposition") to the JFS Motion (See NYSCEF No. 129).

29. On March 28, 2023, Secured Creditor filed its reply to the JFS Opposition and in further support of the JFS Motion (See NYSCEF No. 130-133).

30. On March 30, 2023, the State Court entered a decision and order granting the JFS Motion which was served with Notice of Entry upon Borrower Parties (*See* Fried Decl. at ¶ 26; Ex. L).

31. On April 24, 2023, the State Court, entered an order awarding Secured Creditor a Judgment of Foreclosure and Sale (the "JFS") permitting the Property to be sold at public auction under the direction of the Referee, which was served with Notice of Entry upon Borrower Parties (*See* Fried Decl. at ¶ 27; Ex. M).

32. Secured Creditor scheduled a foreclosure auction of the Property for August 17, 2023 (the "Foreclosure Sale") (*See* Fried Decl. at ¶ 28; Ex. N).

**The Bankruptcy Case**

33. On August 16, 2023 (the "Petition Date"), just one (1) day before the Foreclosure Sale, the Debtor filed a petition (the "Petition") in the United States Bankruptcy Court, Eastern District of New York for Chapter 11 bankruptcy relief (Case No. 23-42938-ess), staying the Foreclosure Sale.

34. The Petition (as amended) confirms that that the Debtor is Single Asset Real Estate

7

as defined in 11 U.S.C. § 101(51B) [ECF No. 4].

35. On September 15, 2023, a meeting of creditors (the "Meeting of Creditors") was held pursuant to 11 U.S.C. § 341(a) at which the Debtor and/or Debtor's counsel did not appear.

36. On October 2, 2023, Debtor's counsel filed a motion for the entry of an order (the "Bar Date Motion") setting a date for parties to file proof of claims, which contained the incorrect caption and case information [ECF No. 18]. To the date, the Bar Date Motion has not been amended.

37. On October 3, 2023, at the request of the Debtor, the Office of the United States Trustee rescheduled the meeting of creditors for October 13, 2023.

38. On October 5, 2023, an initial status conference was held which was adjourned to November 30, 2023.

39. On November 28, 2023, William K. Harrington, the United States Trustee (the "United States Trustee") filed its Motion for entry of an Order to Dismiss the Debtor's Chapter 11 Case or Convert to Chapter 7 [ECF no. 21] with hearing scheduled for January 4, 2024. To date, the Debtor has failed to prosecute the Bankruptcy Case to any meaningful extent and failed to: (i) file monthly operating reports; (ii) file a plan of reorganization and (iii) make payments to Secured Creditor.

40. As the Petition was filed on August 16, 2023, the statutory deadline for the Debtor to comply with the requirements of 11 U.S.C. § 362(d)(3) expired on September 14, 2023. In addition, Debtor has not sought an order to extend the SARE Deadline.

41. Accordingly, the Debtor's latest bankruptcy filing is nothing more than a delaying tactic.

## **RELIEF SOUGHT**

42. Pursuant to the Declaration of Yitzhak Isaac Fried (the "Fried Declaration") in support of the Secured Creditor's instant application, the Debtor has failed to tender any post-petition payments to Secured Creditor (*See* Fried Decl. at ¶ 38). In addition, as the Debtor has no income, Secured Creditor will be forced to expend sums of on post-petition taxes that will become due during the Bankruptcy Case as (according to the account history from the NYC Department of Finance Website), the Debtor has not paid the real estate taxes in years (*See* Fried Decl. at ¶ 39; Ex. O).

43. Further, as set forth in the accompanying memorandum of law, this is a two-party dispute between the Debtor and the Secured Creditor where the Debtor now seeks to use the Bankruptcy Code as a shield to prevent the Debtor's only asset from being foreclosed upon pursuant to the JFS. As such, the instant filing on the eve of the Foreclosure Sale in order to claim automatic stay protection constitutes a bad faith filing. As such, the Secured Creditor respectfully requests that it be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

44. As of November 20, 2023, $7,376,045.27 is due and owing to Secured Creditor. (*See* Fried Decl. at ¶ 38). In addition, there at $147,523.39 in pre-petition real estate taxes (the "Real Estate Taxes") (*See* Fried Decl. at ¶ 39; Ex. O).

45. The total value of the Property is $5,500,000 as of October 1 2023 (*See* Fried Decl. at ¶ 39; Ex. P). As such, after the amounts due to the Secured Creditor ($7,376,045.27) and the Real Estate Taxes ($147,523.39), in the total amount of $7,523,568.66, there is no equity remaining in the Property (*See* Fried Decl. at ¶ 39). In addition, the Property is not used as a significant source of income. As such, the Secured Creditor, respectfully requests that it be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

46.     In addition, as the Petition was filed on August 16, 2023, the statutory deadline for the Debtor to comply with the requirements of 11 U.S.C. § 362(d)(3) expired on September 14, 2023. Moreover, Debtor has failed to secure an order from this Court extending the SARE Deadline.  As such, this Court should grant the Secured Creditor relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3).

47.     Pursuant to Bankruptcy Rule 4001(a)(3), an "order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). Secured Creditor requests waiver of the fourteen-day stay so that it can promptly proceed with another foreclosure sale.  This is particularly important because (as set forth above) there is no equity in the Property.

## APPLICATION

48.     Secured Creditor respectfully requests that this Court enter an Order: (i) granting relief from the automatic stay for cause pursuant to 11 U.S.C. §§ 105(a), 361, 362(d)(1), 362(d)(2), (d)(3), and 363 so that it may exercise all rights and remedies available to it under applicable law with respect to the Property; (ii) waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3); and (iii) granting such further and different relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS, NOTICE, PROPOSED ORDER AND PRIOR APPLICATION

49.     The Secured Creditor expressly reserves its right to amend or supplement this Motion, to introduce evidence supporting this Motion at the hearing on the Motion, and to file additional and supplemental response as Secured Creditor deems advisable.

50.     Notice of this Application has been provided to the Office of the United States

Trustee, Debtor, and to all creditors of the Debtor entitled to notice in this Chapter 11 case. In light of the nature of the relief requested, Secured Creditor submits that no other or further notices need be provided.

51. A proposed order is annexed hereto as **Exhibit "Q"**.

52. No previous application for the relief sought herein has been filed before this Court in this case.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

11

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order: (i) granting relief from the automatic stay for cause pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), 362(d)(2), and 362(d)(3); (ii) waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3); and (iii) granting such further and different relief as the Court may deem just and proper.

Dated: New York, New York
      December 1, 2023

    KRISS & FEUERSTEIN LLP
    *Attorneys for 58 Dobbin Funding L.P.*

    *s/Jerold C. Feuerstein*
    Jerold C. Feuerstein, Esq.
    Daniel N. Zinman. Esq.
    Stuart L. Kossar, Esq.
    360 Lexington Avenue, Suite 1200
    New York, New York 10017
    (212) 661-2900